**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
**CASE NO.:**

**RAUL ROSADO,**
**an Individual,**

**Plaintiff,**

**v.**

**NEW PORT RICHEY-H, LLC d/b/a**
**HYUNDAI OF NEW PORT RICHEY,**
**a Florida Limited Liability Company, and**
**LITHIA MOTORS, INC.,**
**a Foreign Profit Corporation,**

**Defendants.**
_____________________________________________/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, **RAUL ROSADO** ("Plaintiff"), by and through files this Complaint against Defendants, **NEW PORT RICHEY-H, LLC d/b/a HYUNDAI OF NEW PORT RICHEY** ("HNPR") and **LITHIA MOTORS, INC.** ("LM") (collectively, "Defendants"), and states as follows:

## INTRODUCTION

1. Plaintiff brings this action pursuant the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA"), and Chapter 760 of the Florida Civil Rights Act ("FCRA") to recover from Defendants back pay, other monetary damages, equitable relief, front pay, declaratory relief, compensatory damages, punitive

damages, and reasonable attorneys' fees and costs.

**PARTIES, JURISDICTION, AND VENUE**

2. Plaintiff is an adult individual.

3. Defendant HNPR is a Florida Limited Liability Company that is located and does business in Pasco County, Florida, and is therefore within the jurisdiction of the Court.

4. Defendant LM is a Foreign Profit Corporation that is located and does business in Pasco County, Florida, and is therefore within the jurisdiction of the Court.

5. At all times relevant hereto, Plaintiff was an employee of Defendants, and Defendants collectively employed Plaintiff as joint employers.

6. Plaintiff worked for Defendants in Pasco County, Florida, and this venue is therefore proper.

7. This Court has jurisdiction over Plaintiff's ADA claims pursuant to 28 U.S.C. § 1331, as they arise under 42 U.S.C. § 12101, *et seq*.

8. This Court also has supplemental jurisdiction over Plaintiff's FCRA claims, as they arise out of the same operative facts and circumstances as his ADA claims.

9. At all times material, Plaintiff was protected during his employment with Defendants by the FCRA and ADA because Plaintiff was a disabled or

"perceived as disabled" employee who suffered discrimination because of his disability or "perceived disability" by Defendants.

10. At all times material, Plaintiff was protected during his employment with Defendants by the FCRA and ADA because Plaintiff was retaliated against and suffered adverse employment action as a result of his objections to disability discrimination.

11. Defendants were at all times "employers" as envisioned by the ADA and FCRA as it employed in excess of fifteen (15) employees.

**JOINT EMPLOYER ALLEGATIONS**

12. At all times material, HNPR and LM jointly employed Plaintiff and shared or co-determined the essential terms and conditions of his employment.

13. HNPR operated the dealership at which Plaintiff worked and, through its dealership managers, directed Plaintiff's daily work, assigned his duties, monitored his sales performance, and administered discipline.

14. Upon information and belief, LM exercised control over personnel matters at the dealership, including the employment policies, performance standards, disciplinary procedures, and human resources practices applicable to Plaintiff.

15. Upon information and belief, LM participated in the administration of Plaintiff's compensation and employment records and exercised authority, together with HNPR, over decisions concerning employee discipline and termination.

16. Upon information and belief, the human resources and equal employment opportunity personnel responsible for receiving and investigating Plaintiff's disability discrimination complaint performed those functions on behalf of both HNPR and LM.

17. Upon information and belief, HNPR and LM shared responsibility for addressing Plaintiff's requests for disability-related medical absences and his objections to disability discrimination, including authority to investigate and remedy the discriminatory treatment he reported.

18. Upon information and belief, the managers and human resources personnel who disciplined Plaintiff, investigated his discrimination complaint, and terminated his employment acted pursuant to authority delegated by HNPR and LM and on behalf of both Defendants.

19. Through their respective roles in supervising Plaintiff's work and controlling personnel policies, compensation, discipline, complaint handling, and termination, HNPR and LM exercised substantial control over Plaintiff's employment and acted as his joint employers within the meaning of the ADA and FCRA.

## CONDITIONS PRECEDENT

20. On or around May 24, 2024, Plaintiff dual-filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission

("EEOC") and Florida Commission on Human Relations ("FCHR") alleging disability discrimination and retaliation against Defendant.

21. On or around August 11, 2026, the EEOC issued a Notice of Right to Sue against Defendants, giving Plaintiff the right to bring a civil action on his federal discrimination claims within 90 days of his receipt of the same.

22. More than 180 days have passed since the filing of the Charge of Discrimination without a determination from the FCHR, giving Plaintiff the right to bring a civil action on his state discrimination claims.

23. Plaintiff timely files this action within the applicable period of limitations against Defendants.

24. All conditions precedent to this action have been satisfied and/or waived.

**FACTUAL ALLEGATIONS**

25. Plaintiff worked for Defendants as a Commissioned Salesman from August 28, 2023, until his termination on February 6, 2024.

26. During his tenure Plaintiff was an excellent employee, and had no significant history of non-medical attendance, disciplinary, or performance issues.

27. In September 2023, Plaintiff suffered two pulmonary embolisms as well as five blood clots in his left leg, requiring hospitalization.

28. Plaintiff requested, and Defendants approved, days off in each of

September, October, November, and December 2023, as well as January 2024, to attend physician-recommended medical appointments related to Plaintiff's pulmonary embolisms and blood clots.

29. Plaintiff still managed to sell an average of ten (10) cars per month in September, October, and November of 2023.

30. Unfortunately, in December 2023, Plaintiff had to miss more time due to flare ups of his disabilities, and was only able to sell four (4) cars that month.

31. In January 2024, Defendants' Manager Bill Dimitras ("Mr. Dimitras") issued Plaintiff a disciplinary write up, ostensibly due to Plaintiff's sales numbers.

32. Plaintiff objected to Defendants' EEO Officer, Mariah Music ("Ms. Music") and his Manager Pamela Marshall ("Ms. Marshall") that Mr. Dimitras was discriminating against Plaintiff due to his disability, as other employees, such as co-worker Michael Fiertag ("Mr. Fiertag") sold less vehicles but did not receive any disciplinary actions.

33. Shortly after Plaintiff's objection, Ms. Music claimed that she performed an "investigation" and found that Plaintiff's allegations had no substance.

34. However, on February 6, 2024, Mr. Dimitras made a phone call to Plaintiff and terminated his employment, effective immediately.

35. Mr. Dimitras stated that Plaintiff was terminated because of his failure to sell fifteen (15) cars.

36. Many other similarly situated employees to Plaintiff that did not suffer from disabilities failed to reach this arbitrary number, but were retained by Defendants.

37. It is clear that Defendants discriminated against Plaintiff because he suffered a disability/perceived disability, and terminated him in retaliation for his objections to same.

38. Any other reason theorized by Defendants is mere pretext.

39. Plaintiff is an individual with a disability who, with or without, reasonable accommodation, was fully capable of performing the essential functions of his job.

40. In reality, Defendants' termination of Plaintiff stemmed from its discriminatory animus toward his disability and his objections to disability discrimination pursuant to the ADA/FCRA.

41. By reason of the foregoing, Defendants' actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADA/FCRA.

42. The timing of Plaintiff's termination makes the causal connection between his disability disclosure under the ADA/FCRA, his objections to discrimination, and his termination sufficiently clear.

43. Defendants were aware of Plaintiff's ADA/FCRA-protected disability.

44. Plaintiff was a disabled individual, or otherwise perceived as disabled by Defendants, during his employment; therefore, he is protected class member as envisioned by the ADA and the FCRA.

45. Plaintiff suffered sufficiently severe and pervasive treatment, and ultimately termination, because of his disability and/or "perceived disability."

46. Defendants' actions are the exact type of unfair and retaliatory employment practices the ADA and FCRA were intended to prevent.

47. Defendants did not have a good faith basis for its actions.

48. Defendants did not have a legitimate, non-retaliatory reason, for its actions.

49. As a result of Defendants' illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which he is entitled.

50. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

**COUNT I: DISABILITY DISCRIMINATION UNDER THE ADA**
**DISPARATE TREATMENT**

51. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 7, 9, 11 through 21, 23 through 31, 34 through 41, 43 through 45, 47, and 49 through 50, above.

52. The acts of Defendants, by and through their agents and employees, violated Plaintiff's rights against disability discrimination under the ADA.

53. The discrimination to which Plaintiff was subjected was based on his disability and/or "perceived disability."

54. Plaintiff was treated disparately from other similar-situated employees who were not suffering from disabilities.

55. The conduct of Defendants and their agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

56. Plaintiff has suffered damages as a result of Defendants' illegal conduct toward him.

57. The conduct of Defendants was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter them, and others, from such conduct in the future.

58. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

59. Plaintiff has no plain, adequate or complete remedy at law for the

actions of Defendants, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendants for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

**COUNT II: DISABILITY DISCRIMINATION UNDER THE FCRA DISPARATE TREATMENT**

60. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 6, 8 through 9, 11 through 20, 22 through 31, 34 through 41, 43 through 45, 47, and 49 through 50, above.

61. The acts of Defendants, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the FCRA, Chapter 760, Florida Statutes.

62. The discrimination to which Plaintiff was subjected was based on his disability/handicap, or "perceived disability."

63. Plaintiff was treated disparately from other similar-situated employees who were not suffering from disabilities.

64. The conduct of Defendants and their agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering,

humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

65. The conduct of Defendants was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendants, to deter them, and others, from such conduct in the future.

66. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to section 760.11(5), Florida Statutes.

67. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendants, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendants for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

**COUNT III: RETALIATION UNDER THE ADA BASED ON DISABILITY**

68. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 7, 10 through 21, 23 through 38, 40 through 44, and 46 through 50, above.

69. Plaintiff was terminated within close temporal proximity of his

objections to Defendants that he was being discriminated against based on his disability.

70. Plaintiff's objections constituted protected activity under the ADA.

71. Plaintiff was terminated as a direct result of his objections to disability discrimination.

72. Plaintiff's protected activity, and his termination, are causally related.

73. Defendants' stated reasons for Plaintiff's termination are a pretext.

74. The conduct of Defendants and their agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

75. The conduct of Defendants was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendants, to deter them and others from such conduct in the future.

76. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

77. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendants which have caused, and continue to cause, irreparable harm.

**WHEREFORE,** Plaintiff requests a judgment in his favor and against Defendants for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

**<u>COUNT IV: RETALIATION UNDER THE FCRA BASED ON DISABILITY</u>**

78. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 6, 8, 10 through 20, 22 through 38, 40 through 44, and 46 through 50, above.

79. Plaintiff was terminated within close temporal proximity of his objections to Defendants that he was being discriminated against based on his disability.

80. Plaintiff's objections constituted protected activity under the FCRA.

81. Plaintiff was terminated as a direct result of his objections to disability discrimination.

82. Plaintiff's protected activity, and his termination, are causally related.

83. Defendants' stated reasons for Plaintiff's termination are a pretext.

84. The conduct of Defendants and their agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering,

humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

85. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter them and others from such conduct in the future.

86. Plaintiff is entitled to recover his reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Florida Statutes.

87. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendants which have caused, and continue to cause, irreparable harm.

**WHEREFORE,** Plaintiff requests a judgment in his favor and against Defendants for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

***(Remainder of page left intentionally blank)***

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED this 3rd day of November, 2026.

Respectfully Submitted,

***/s/ Nicholas Vimo***

Nicholas Vimo
Florida Bar No. 1029436
RICHARD CELLER LEGAL, P.A.
7951 SW 6th St, Suite 316
Plantation, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-Mail:
nicholas@floridaovertimelawyer.com
*Attorneys for Plaintiff*